**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DEVON COLEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:25-CV-00241 SPM |
| | ) |
| STATE OF MISSOURI, | ) |
| | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of self-represented plaintiff Devon Coleman for leave to proceed in this action without prepaying fees or costs. [ECF No. 2]. Having reviewed the motion and the financial information submitted in support, the Court has determined plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard

This Court is required to review a complaint filed in forma pauperis to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555). *See Barton v. Taber*, 820

F.3d 958, 964 (8th Cir. 2016) (courts must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.").

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff Devon Coleman, an inmate at Potosi Correctional Center, filed this civil rights action against the State of Missouri, in its official capacity, relative to complaints he has against the Honorable Daniel Pelikan, a Missouri State Circuit Court Judge. Judge Pelikan is currently presiding over plaintiff's state post-conviction matter in St. Charles County Circuit Court. *See Coleman v. State*, No. 2311-CC00741 (11th Jud. Cir., St. Charles County).

Plaintiff was found guilty by a jury of abuse or neglect of a child – resulting in the death of the child – on June 1, 2021. *State v. Coleman*, No. 1811-CR02648-01 (11th Jud. Cir., St. Charles County). On July 19, 2021, plaintiff was sentenced to life in prison. *Id.*  Plaintiff appealed his conviction and sentence in the Missouri Court of Appeals. *State v. Coleman*, No. ED110038 (Mo.Ct.App.). His sentence was affirmed by the appellate court on May 23, 2023. *Id.* Plaintiff filed

a pro se post-conviction motion to vacate in the Circuit Court on July 19, 2023. *See Coleman v. State*, No. 2311-CC00741 (11th Jud. Cir., St. Charles County). Judge Pelikan appointed counsel on plaintiff's behalf on August 8, 2023, and counsel submitted an amended petition on October 7, 2024. *Id.*

On November 4, 2024, plaintiff filed a pro se motion to dismiss his appointed counsel. *Id.* A hearing was held on the matter by Judge Pelikan on November 25, 2024. The Court granted plaintiff's motion to proceed pro se but found that plaintiff would be allowed to proceed on his original pro se motion for post-conviction relief, not his attorney's amended motion to vacate. The Court set an evidentiary hearing in the case for March 25, 2025. *Id*. It appears from Missouri.Case.Net that the hearing has since been moved to March 27, 2025. *Id.*

In plaintiff's "Statement of Claim," he alleges that he filed a motion that was never filed on the Court docket or responded to by the Court, on or about January 10, 2024, seeking discovery. Further, he states that on February 10, 2025, he filed a "Motion for Compliance of Filed Motions and Subpoenas," that was also never responded to. Additionally, he faults Judge Pelikan for failing to recuse himself relative to a motion for recusal plaintiff filed in August of 2024. Plaintiff claims that within that motion he also sought the issuance of subpoenas. However, plaintiff was represented by counsel at that time.

Plaintiff argues that he cannot be expected to properly represent himself at the March 27, 2025, evidentiary hearing without proper discovery and witnesses. He claims that his due process rights are being impeded as is his access to courts. For relief in this action, plaintiff seeks monetary damages.

## Discussion

Having carefully reviewed and liberally construed plaintiff's allegations, and for the

reasons discussed below, the Court must dismiss plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B). First, this case is subject to dismissal because the State of Missouri has immunity from suit. Additionally, the *Younger* abstention doctrine prevents this Court from intervening in plaintiff's ongoing state law proceedings.

A suit against the State of Missouri is barred by the Eleventh Amendment. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *see also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); and *Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.,* 495 F.3d 591, 594 (8th Cir. 2007) (stating that district court erred in allowing the plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal).

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 62, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id.* The second exception is when a state waives

its immunity to suit in federal court. *Id.* at 65. A state will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987). Neither exception is applicable in this case.

The first exception is inapplicable because the Supreme Court has determined that § 1983 does not revoke a state's Eleventh Amendment immunity from suit in federal court. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989) ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe . . . that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). The second exception is also inapplicable because the State of Missouri has not waived its sovereign immunity in this type of case. *See* Mo. Rev. Stat. 537.600 (explaining that sovereign immunity is in effect and providing exceptions).

Additionally, to the extent plaintiff is attempting to bring a claim against St. Charles County Court, he is unable to do so. Although a local governing body such as St. Charles County can be sued directly under 42 U.S.C. § 1983, to prevail on this type of claim, plaintiff must establish the governmental entity's liability for the alleged conduct. *See Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). Plaintiff has not alleged any constitutional violation resulting from official policy, official custom, or failure to train or supervise. Therefore, any claims he may have intended to bring against St. Charles County are subject to dismissal.

Moreover, plaintiff's claims against the St. Charles County Courts are not cognizable because the Circuit Court cannot legally be sued. *Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are not "juridical entities suable as such."). Further, state courts as entities are not vulnerable to suits pursuant to 42 U.S.C. § 1983 because they are protected by Eleventh Amendment immunity. *Mildfelt v. Circuit Court of Jackson Cty., Mo.*, 827 F.2d 343, 345 (8th Cir. 1987). *See also Harris v. Missouri Court of Appeals, Western Dist.*, 787 F.2d 427, 429 (8th Cir. 1986) (stating that "courts as entities are not vulnerable to § 1983 suits, because they are protected by state immunity under the eleventh amendment"). Therefore, plaintiff's claims against the St. Charles County Courts must be dismissed.

To the extent plaintiff asks this Court to enjoin or otherwise intervene in his ongoing state judicial proceeding, his claims are barred under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* requires federal courts to abstain from hearing cases when there is an ongoing state judicial proceeding that implicates important state interests and affords an adequate opportunity to raise the federal questions presented, absent extraordinary circumstances where the danger of irreparable injury to the federal plaintiff is both great and immediate. *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996)). Here, plaintiff sets forth no allegations tending to establish extraordinary circumstances that would justify interfering with his ongoing state court proceedings, if any. This Court therefore concludes that *Younger* abstention is warranted.

For these reasons, the Court finds plaintiff has failed to state a claim against the State of Missouri and this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action

without prepaying fees or costs [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**. A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 4th day of March, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE